EL PUEBLO, APELADO, *v.* MENÉNDEZ ET AL., APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 514.—Resuelto en febrero 7, 1913.

DERECHO PENAL—TRANSCRIPCIÓN DE AUTOS—EXPOSICIÓN DEL ,CASO—DOCU-
MENTOS QUE DEBE REMITIR EL SECRETARIO CUANDO SE ESTABLECE APELA-
CIÓN.—Con excepción de la acusación, la alegación del acusado, las instruc-
ciones de la corte al jurado, el veredicto, la solicitud de nuevo juicio y la
resolución que recaiga, el fallo, la sentencia y la notificación de la apelación,
todos los demás procedimientos que hayan tenido lugar en el juicio de una
causa criminal sólo podrán ser remitidos a este Tribunal Supremo por el
Secretario de la Corte de Distrito, cuando hayan sido debidamente incluídos
en un pliego de excepciones o en una exposición del caso tramitada y apro-
bada de acuerdo con la ley.

ID.—JUICIO POR JURADO—DELITO GRAVE.—A partir de julio 1, 1902, en que em-
pezó a regir el Código de Enjuiciamiento Criminal, sólo las cuestiones de
hecho en casos de delitos graves pueden ser juzgadas por un jurado.

ID.—DELITO GRAVE—DELITO ELECTORAL.—El acusado de una infracción de la
Ley Electoral castigada con prisión de tres meses a dos años, sólo lo es de un
delito menos grave (*misdemeanor*) y no tiene derecho por tanto a que le
juzgue un jurado.

ID.—DELITO ELECTORAL—CUANDO CAE DENTRO DEL CÓDIGO PENAL.—Para que una
infracción de la Ley Electoral de marzo 8, 1906, constituya el delito grave
castigado por el artículo 161 del Código Penal, es necesario que se alegue en
la acusación que el acusado dejó de cumplir voluntariamente una obligación
impuéstale por la ley, o que actuó fraudulentamente.

ID.—INSCRIPCIÓN DE ELECTORES—REQUISITOS.—Para que pueda inscribirse un
elector es necesario que comparezca personalmente ante la Junta.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Los apelantes no comparecieron.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

La acusación en este caso se presentó ante la Corte de
Distrito de Arecibo, y, copiada en lo pertinente, dice así:

"El Fiscal formula acusación contra Eligio Menéndez y

Francisco A. García por un delito menos grave, comprendido
en la sección 25 de la ley para proveer lo necesario para
inscripciones y elecciones, aprobada en marzo 8 de 1906 come-
tido como sigue:

"El 8 de julio del presente año Eligio Menéndez y Francisco A.
García eran los agentes nombrados que componían la junta de ins-
cripciones del precinto segundo de Arecibo, con el fin de inscribir
electores para las elecciones generales que se celebrarán en Puerto
Rico el 5 de noviembre de 1912 y los dichos Eligio Menéndez y Fran-
cisco A. García allí y entonces, ilegal y criminalmente, inscribieron
al individuo Carlos Medina como elector en el registro de electores del
dicho segundo precinto de Arecibo, sin que el referido Carlos Medina
compareciera personalmente a inscribirse durante las horas seña-
ladas para inscripción, ante la junta de inscripciones el 8 de julio de
1912, formada por los referidos acusados Eligio Menéndez y Fran-
cisco A. García.

"Este hecho ocurrió en Arecibo, Distrito Judicial del mismo
nombre."

Celebrada la vista, se dictó sentencia en 1 de noviembre de
1912 condenando a los acusados como autores del delito que
se les imputara, a pagar cada uno la multa de $250 y en de-
fecto de pago a sufrir un día de cárcel por cada dólar y
medio que dejaren de satisfacer. Contra esa sentencia se
interpuso el presente recurso de apelación.

Los apelantes no comparecieron al acto de la vista del
recurso, ni han presentado alegatos escritos en apoyo del
mismo. Tampoco prepararon de acuerdo con la ley pliego
alguno de excepciones, ni relación de hechos. Examinada
la transcripción aparece que el secretario de la corte de dis-
trito además de la acusación, de la sentencia y del escrito de
apelación, incluyó en ella copias de ciertas mociones y ex-
cepciones que los acusados presentaron a la corte sentencia-
dora y que la corte resolvió en contra de los acusados. En
las mociones se suscita la cuestión legal de la procedencia
de un juicio por jurado en esta causa y en las excepciones.

se alega que los hechos consignados en la acusación no son
constitutivos de delito.

Para que este Tribunal Supremo pudiera considerar las
mociones con respecto a la procedencia del juicio por jurado,
hubiera sido necesario, de acuerdo con la jurisprudencia esta-
blecida en el caso de *El Pueblo* v. *Guzmán,* 15 D. P. R. 295,
que se hubieran incluído en un pliego de excepciones o expo-
sición del caso tramitados de acuerdo con la ley.

Esto, no obstante, en pro de la justicia hemos estudiado
la cuestión suscitada, y, a nuestro juicio, fué resuelta debida-
mente por la corte de distrito.

Los acusados en primer término alegan que aceptando que
el hecho que se les ha imputado constituya un delito de *mis-
demeanor,* como tal delito está castigado con prisión de tres
meses a dos años tienen derecho a que los juzgue un jurado,
de acuerdo con la sección 2 de la ley estableciendo el juicio
por jurado en Puerto Rico, de 12 de enero de 1901. Si lo
preceptuado en dicha sección estuviera vigente, la conten-
ción de los acusados estaría bien fundada; pero a partir de
la promulgación del Código de Enjuiciamiento Criminal en el
año de 1902, sólo las cuestiones de hecho en casos de delito
grave pueden ser juzgadas por el jurado, y para que el hecho
imputado a los acusados constituyera un delito grave tendría
que estar castigado con pena de presidio y no de prisión como
lo está. Artículos 13, 14, 15 y 16 del Código Penal y 178 del
Código de Enjuiciamiento Criminal.

Los acusados alegan en segundo término que el hecho
que se les ha imputado no es constitutivo del delito de *mis-
demeanor,* castigado en la sección 89 de la ley para proveer
lo necesario para inscripciones y elecciones, aprobada en 8
de marzo de 1906, sino del de *felony* previsto y penado en el
artículo 161 del Código Penal. Los acusados han sido per-
seguidos por una infracción a la sección 25 de la citada ley
electoral de 1906 y la pena para tal infracción está claramente
fijada en la sección 89 de la misma ley. Es verdad que dicha
sección 89 dispone ''que si la infracción estuviere comprendida

en el Código Penal de Puerto Rico, habrán de aplicarse las penas comprendidas en dicho Código,'' pero también es verdad que en la acusación no se alega que los acusados dejaron ni se negaron a cumplir una obligación impuéstales por la ley, ni que al inscribir al elector Carlos Medina obraron fraudulentamente, circunstancias que hubieran sido necesarias para que el hecho saliera de la esfera menos grave del *misdemeanor* previsto y castigado en las secciones 25 y 89 de la ley electoral, y entrara en la más grave del *felony* a que se refiere el artículo 161 del Código Penal.

Las excepciones tampoco fueron incluídas debidamente en la transcripción, pero como envuelven una cuestión fundamental que nosotros estamos obligados a estudiar, aun cuando no hubiera sido promovida por ninguna de las partes, procederemos a considerarlas y a resolverlas. En ellas se alega, como hemos dicho, que los hechos consignados en la acusación no son constitutivos de delito público.

La sección 25 de la ley electoral de 1906 dispone que ''el elector que desee inscribirse comparecerá ante la junta de inscripciones durante las horas señaladas en cualquier día de inscripción y será deber de dicha junta inscribir el nombre de dicho elector.''

En tal virtud, para que pueda inscribirse un elector de acuerdo con la ley, es necesario que el elector comparezca personalmente ante la junta, y es bien claro, que si la junta inscribe a una persona como elector sin que el elector comparezca ante ella personalmente, infrinje la ley y cae dentro de la sanción establecida por la sección 89 de la misma que prescribe que ''cualquier funcionario designado por esta ley, que fuera negligente, o faltare al debido cumplimiento de los deberes que le han sido impuestos por ella; y todo funcionario de elecciones u otras personas que, en alguna forma, violasen las disposiciones de la presente ley, o los reglamentos que dicte el Consejo Ejectivo, incurrirán en una multa de $100 a $2,000, o en prisión de tres meses a dos años, o en ambas penas a la vez.''

Habiendo llegado a las anteriores conclusiones, no apareciendo que se haya cometido ningún error fundamental en esta causa, debe declararse sin lugar el recurso establecido y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.